## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TNG WORLDWIDE, INC., a Michigan Corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>NORDSHOE LLC, an Ohio Limited Liability Company<br><br>            Defendant. | Docket No.<br><br>**COMPLAINT FOR:**<br><br>**1. TRADEMARK INFRINGEMENT**<br>**2. FALSE DESIGNATION OF ORIGIN**<br>**3. FEDERAL COPYRIGHT INFRINGEMENT**<br>**4. STATE STATUTORY UNFAIR COMPETITION (OHIO REVISED CODE SECTION 4165,  ET SEQ.)**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: September 20, 2019 |

Plaintiff TNG Worldwide, Inc. ("TNG") for its Complaint herein alleges as follows:

### INTRODUCTION

1.     This action involves claims for trademark, trade name, and trade dress infringement of TNG's ForPro mark and packaging; false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, as amended (15 U.S.C. § 1125(a)); copyright infringement of TNG's federally registered copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; and related state and common law claims (the "Action"), arising from the infringement by Nordshoe LLC (hereinafter referred to as "Defendant" or "Nordshoe") of TNG's ForPro trademark and trade name, TNG's trade dress, and

TNG's federally registered copyright for the ForPro Product image (as defined *infra*).

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§1051 *et seq.*; and pursuant to 28 U.S.C. §1338(b) as an action arising out of substantial and related claims for common law trademark infringement and unfair competition.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the case or controversy.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant is an Ohio limited liability company with its principal place of business in this judicial district, and/or a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## PARTIES

5.     Plaintiff TNG is a Michigan corporation that manufactures more than 1000 products focused on beauty that make up its Signature Brands division. One of TNG's signature brands is the ForPro Professional Collection, which is an industry leader. The ForPro products are sold to national retailers and distributed to

salons and spas nationwide. In addition, TNG sells its ForPro Professional Collection via its web site at BeBeautiful.com and Amazon.com.

6.     Upon information and belief, Defendant Nordshoe is an Ohio limited liability company that produces and distributes beauty products, having an address and a principal place of business at 630 Dover Center Road, Bay Village, Ohio 44140.

## GENERAL ALLEGATIONS

7.     TNG is a leading manufacturer and distributer of beauty products, including the ForPro Professional Collection. TNG markets and distributes the products that make up the ForPro Collection to and through a network of retailers and distributors, including www.amazon.com.

8.     TNG is a Gallup-based organization focused on technology to drive customer success. In 2008, TNG made a significant investment in automation by implementing SAP, EDI and an automated pack and ship service. The system allows real-time access to product data, inventory levels, shipping status and ensures customers receive the product they order as quickly and efficiently as possible, yielding a 99.8% error-free shipments and 99.1% fill rate.

9.     TNG designs ForPro Collection products in-house and takes production to one of 50 hand selected factories throughout the world.  In this way, TNG is able to ensure its ForPro Collection products are consistently high quality.

10.     TNG has made substantial monetary and other investments in its ForPro mark through its marketing, promotional, and distribution efforts, which include TNG's website and direct sales and contacts, brochures, product specification sheets, catalogs, sample kits and materials and displays. As a result, the ForPro Collection name mark is imbued with goodwill and is of inestimable value to TNG.

11.     TNG has used the trade name and trademark "ForPro" ("ForPro Mark") in interstate commerce in the United States continuously since at least as early as 2007. TNG uses the ForPro Mark in connection with distribution, sale, marketing, advertising, and promotion of beauty products including, but not limited to, the following products: ForPro Nail Polish Display Ring; ForPro Stainless Steel Pedi File Refill Black 80 Grit; ForPro Stainless Steel Pedi File Refill Black 100 Grit; ForPro Stainless Steel Pedi File Refill White 180 Grit; ForPro Mani Warmer Cups; ForPro Cozies Hand and Foot Liners ("ForPro Products"). Attached hereto as Exhibit 1 are copies of representative samples of ForPro Products showing TNG's use of the ForPro Mark in connection with the same.

12.     As a result of TNG's widespread, continuous, and exclusive use of the ForPro Mark to identify the ForPro Products and business, TNG owns valid and subsisting common law rights to the ForPro Mark.

13.     The ForPro Mark is distinctive to both the consuming public and TNG's trade.

14.     TNG is the owner of all right, title and interest in and to the ForPro Mark.

15.     TNG also has rights to the trade dress of its marketing, goods, and packaging. Examples of Plaintiff's trade dress have appeared on TNG's website; www.tngworldwide.com and on TNG's packaging as depicted in the images attached hereto as Exhibit 1.

16.     TNG was the first to introduce the features compromising TNG's trade dress into interstate commerce.

17.     TNG's trade dress is distinctive of TNG.

18.     TNG's trade dress is inherently distinctive.

19.     TNG's trade dress has acquired distinctiveness, also known as secondary meaning.

20.     TNG's trade dress has acquired distinctiveness as demonstrated by, *inter alia*: TNG's expenditure of significant expenditure promoting and popularizing TNG's trade dress through advertising and community activism to help those in need. Every year, TNG is a National Corporate Team Sponsor for ACS' Making Strides Against Breast Cancer Walk in Detroit. TNG has raised more than $2 million to benefit the American Cancer Society. In 2018, TNG

participants raised over $142,000. Also, each year TNG employees roll up their sleeves and donate precious blood to help save lives. In 2018, TNG held 2 blood drives and collected 72 total pints, saving potentially 216 lives. Anyone can donate at the TNG sponsored drives. These efforts in combination with unsolicited media coverage of TNG's products and donation program, TNG's sales success, TNG's extensive, exclusive use of its trade dress, and the recognition of TNG's trade dress, serve to establish the goodwill and success associated with TNG's trade dress.

21.    TNG's trade dress is also non-functional.

22.    TNG's trade dress provides a unique ornamental and aesthetic appearance that was designed by TNG.

23.    There are numerous alternative means to perform the function of promoting and selling goods without using TNG's trade dress.

24.    TNG's trade dress has become associated with TNG.

25.    Since well before the launch of the ForPro products, TNG has been devoted to bringing high-quality beauty products to the consuming public. TNG has expended significant resources in research and development for its products.

26.    TNG's trade dress and mark are inherently distinctive and strong when used in relation to beauty products.

27.    Because of TNG's extensive, exclusive use and promotion of its

ForPro Mark and trade dress, the same have become distinctive of TNG, indicate a single source of origin of TNG's goods, and have acquired secondary meaning.

28. TNG has used the ForPro Mark and trade dress continuously, exclusively, and extensively since at least 2007.

29. TNG has used the ForPro Mark and trade dress extensively since its first use thereof, in connection with its beauty products.

30. TNG's products bearing the ForPro Mark and trade dress have been sold extensively.

31. TNG has earned valuable and residual goodwill and reputation in the minds of consumers in the United States for being the sole source of goods bearing the ForPro Mark and trade dress.

32. TNG has advertised and otherwise promoted the ForPro Mark and trade dress extensively since its first use thereof, through the internet and by other means.

33. In addition, TNG is the owner of federally registered copyrights for the ForPro Product images. The federal registration numbers are as follows: ForPro Nail Polish Display Ring (Registration Number VA0002143126); ForPro Stainless Steel Pedi File Refill Black 80 Grit (Registration Number VA0002143084); ForPro Stainless Steel Pedi File Refill Black 100 Grit (Registration Number VA0002142903); ForPro Stainless Steel Pedi File Refill

White 180 Grit (Registration Number VA0002142972); ForPro Mani Warmer

Cups (Registration Number VA0002143198); ForPro Cozies Hand and Foot Liners

(Registration Number VA0002143130) ("Images").

## NORDSHOE'S WRONGFUL CONDUCT

34.     In an effort to "bait and switch" consumers into believing they are

purchasing authentic ForPro products, Nordshoe used at least one of the Images

and the goodwill of the ForPro Mark for sale of their products on

www.amazon.com. For example, attached hereto as Exhibit 2 is a screenshot taken

on April 1, 2019 depicting the TNG's ForPro Stainless Steel Pedi File Refill Black

80 Grit (Registration Number VA0002143084) as an image belonging to

Nordshoe.

35.     Consumers viewing screenshots such as the one attached hereto as

Exhibit 2 believe they are purchasing an authentic ForPro product when they are in

fact purchasing a different and inferior Nordshoe product. For example, attached

hereto as Exhibit 3 is an image depicting a comparison between the authentic

ForPro product and the corresponding but inferior Nordshoe product which was

purchased by TNG personnel and received in March 2019.

36.     Through its unlawful practices, Nordshoe has fraudulently secured the

valuable "Buy Box" position on www.amazon.com for many of the products at

issue, when the products being sold by Nordshoe are not the products depicted in

the Images, are not the same as the ForPro products, or even of the same quality as the ForPro products.

37.     The "Buy Box" refers to the white box on the right side of the Amazon product detail page, where consumers can add items for purchase to their cart. Increased seller metrics allow businesses to win a share of this valuable real estate. Amazon puts competitors against each other to determine how they hold up on each relevant variable for sale of the same product. The metrics are skewed in situations where one seller is illegally using the intellectual property of another seller, as Nordshoe is doing here.

<u>**COUNT ONE**</u>

**(COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT)**

38.     TNG repleads and incorporates herein by reference each and every allegation set forth in paragraphs 1-37 above as if fully set forth herein.

39.     Defendant's use of the goodwill of the ForPro Mark and trade dress for sale of its products on www.amazon.com, including but not limited to depicting the Images belonging to TNG as images belonging to Nordshoe, infringes on TNG's exclusive trademark, trade name, and trade dress rights in violation of common law.

40.     Nordshoe's actions evidence a clear "bait and switch" tactic wherein consumers believe they are purchasing an authentic ForPro product when they are

in fact purchasing a different and inferior Nordshoe product.

41.     Nordshoe's intentional, knowing, and willful acts of trademark, trade name, and trade dress infringement have caused and continue to cause loss of goodwill and profits to TNG, damage to TNG's reputation, unlawful diversion of sales, and unjust enrichment of Nordshoe at the expense of TNG, and injury to consumers due to confusion, mistake, and deception in the marketplace.

42.     As a direct and proximate result of the unlawful acts alleged herein, TNG has and is continuing to suffer damages, and has suffered and will continue to suffer irreparable injury for which TNG has no adequate remedy at law, and Nordshoe has and will continue to profit and receive other benefits.

43.     Nordshoe's conduct has caused and will continue to cause immediate and irreparable injury to TNG, including its business, reputation, and goodwill, and will continue to damage TNG and deceive the public unless permanently enjoined by this Court. TNG has no adequate remedy at law and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

## COUNT TWO

### ( False Designation of Origin, Passing Off, & Unfair Competition, 15 U.S.C. §1125(a)/Lanham Act §43(a))

44.     TNG repleads and incorporates herein by reference each and every allegation set forth in paragraphs 1-43 above as if fully set forth herein.

45.     TNG, as owner of all right, title, and interest in the ForPro Mark and TNG's trade dress, has standing to maintain an action for false designation of origin, passing off, and unfair competition under the Federal Trademark Statute, Lanham Act §1125(a)/Lanham Act §43(a).

46.     Since at least 2007, TNG has used the ForPro Mark and trade dress in commerce in connection with distribution, sale, marketing, advertising, and promotion of beauty products including, but not limited to, the ForPro products.

47.     As a direct and proximate result of Nordshoe's unlawful actions, including but not limited to, its use of the ForPro Mark and trade dress for sale of their products on www.amazon.com, and depicting the Images belonging to TNG as images belonging to Nordshoe in order to "bait and switch" consumers into believing they are purchasing an authentic ForPro product when they are in fact purchasing a different and inferior Nordshoe product, TNG has suffered substantial monetary loss through deprivation of sales in an amount yet unknown, but to be determined at trial.

48.     Nordshoe has caused irreparable injury to TNG for which TNG has no adequate remedy at law, and unless immediately and permanently restrained, Nordshoe will continue to cause substantial and irreparable injury to TNG and the goodwill and reputation associated with the value of TNG's ForPro Mark, trade name, and trade dress.

## COUNT THREE

### (Federal Copyright Infringement, 17 U.S.C. §501(a))

49.    TNG repleads and incorporates herein by reference each and every allegation set forth in paragraphs 1-48 above as if fully set forth herein.

50.    TNG is the exclusive owner of the federally copyrighted Images.

51.    Nordshoe had access to the Images and a reasonable opportunity to observe TNG's Images as they were widely disseminated.

52.    Nordshoe had actual notice of TNG's exclusive rights in and to the Images.

53.    Nordshoe did not have TNG's consent or authorization to use, reproduce, copy, display, distribute, sell, transfer, and/or market TNG's Images.

54.    Without permission, Nordshoe knowingly used, displayed, and distributed at least one of TNG's Images in an effort to "bait and switch" consumers into believing they are purchasing authentic ForPro products on www.amazon.com when they are in fact purchasing a different and inferior Nordshoe product.

55.    Nordshoe's unlawful and willful actions, as alleged herein, constitute copyright infringement of TNG's Images, including TNG's exclusive rights to use, reproduce, copy, display, and distribute the Images in violation of 17 U.S.C. § 501(a).

56.     Nordshoe's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to TNG in an amount to be proven at trial, for which TNG has no adequate remedy at law, and unless permanently enjoined, Nordshoe will continue to cause substantial and irreparable harm to TNG.

57.     Based on Nordshoe's wrongful conduct, TNG is entitled to permanent injunctive relief, TNG's actual damages, and Nordshoe's profits, in an amount to be proven at trial, as well as enhanced discretionary damages for willful copyright infringement and reasonable attorneys' fees and costs.

## COUNT FOUR

### (Unfair Competition, R.C. §4165, *et seq.*)

58.     TNG repleads and incorporates herein by reference each and every allegation set forth in paragraphs 1-57 above as if fully set forth herein.

59.     Nordshoe's unlawful activities, including but not limited to using TNG's Images in an effort to "bait and switch" consumers into believing they are purchasing authentic ForPro products on www.amazon.com when they are in fact purchasing a different and inferior Nordshoe product, constitute unfair and deceptive business practices under Ohio Revised Code §4165, *et seq.*

60.     As a direct and proximate result of Nordshoe's unlawful, unfair, and deceptive business practices, Nordshoe collected revenues and/or realized profits

to which it was not entitled.

61.     TNG seeks restitution and disgorgement of the revenues collected and/or profits realized by Nordshoe as a result of its unlawful, unfair, and deceptive business practices.

62.     Pursuant to Ohio Revised Code §4165, *et seq.*, TNG further seeks an order of this Court permanently enjoining Nordshoe from continuing its wrongful business practices. Unless permanently restrained by this Court, Nordshoe will continue to engage in unfair, false, and misleading business practices, as alleged herein, in violation of sections 4165.01, 4165.02 and 4165.03 of the Ohio Revised Code. TNG and the public will be irreparably harmed if an order of the Court enjoining such practices is not granted. TNG is therefore entitled to a permanent injunction.

63.     TNG has no adequate remedy at law for the injury alleged in this cause of action, and the injury is, in part, intangible in nature and not capable of being fully measured or entirely valued in terms of monetary damages.

64.     In addition to permanent injunctive relief, disgorgement, and restitution, TNG is entitled to all other remedies provided under the Ohio Revised Code Sections 4165.02 and 4165.03.

## **PRAYER FOR RELIEF**

WHEREFORE, TNG respectfully prays for judgment as follows:

1.     For an award of Nordshoe's profits and TNG's damages, enhanced discretionary damages, and treble damages and/or statutory damages, and compensatory damages for willfully and intentionally using TNG's trademark, trade name, and trade dress;

2.     For an award of Nordshoe's profits and TNG's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3.     For an award of TNG's actual damages and Nordshoe's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of TNG's Images under 17 U.S.C. § 501(a);

4.     For an award of restitution  in an amount to be proven at trial for state statutory unfair competition, pursuant to Ohio Revised Code §4165, *et seq.*;

5.     A permanent injunction enjoining Nordshoe and its agents from: (a) expanding sales of products using the ForPro Trade Mark, or any trade name, trade dress, or trademarks confusingly similar to the ForPro Mark; (b) infringing on TNG's ForPro Mark; and (c) assisting, aiding, or abetting any other person or

business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

6.      A permanent injunction enjoining Nordshoe and its agents from: (a) expanding sales of products using the Images; (b) infringing on TNG's copyrighted Images; and (c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

7.      For an order from the Court requiring Nordshoe to provide complete accountings for any and all monies, profits, gains, and advantages derived by Nordshoe from its importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale, and/or otherwise dealing in its infringing conduct, including prejudgment interest;

8.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains, and advantages in Nordshoe's possession that rightfully belong to TNG;

9.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

10.      For TNG's reasonable attorneys' fees;

11.      For all costs of suit; and

12.      For such other and further relief as the Court may deem just and

equitable.

Respectfully submitted,

Dated:  September 20, 2019

*/s/ Kyle M. Asher*
Kyle M. Asher (0098459)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-1824
216-706-3864 (telephone)
216-241-3707 (facsimile)
kasher@taftlaw.com

Eric T. Fingerhut (D.C. Bar. No. 433649)
(*pro hac vice application forthcoming*)
Shannon M. McKeon (Virginia Bar No.
80683) (*pro hac vice application
forthcoming*)
DYKEMA GOSSETT PLLC
One Franklin Square
1301 K Street NW, Suite 1100 West
Washington, D.C. 20005
202-906-8618 (telephone)
efingerhut@dykema.com
smckeon@dykema.com

*Attorneys for Plaintiff
TNG WORLDWIDE, INC.*